**In re Homer KNEARL, EchoStar Communications Corporation, EchoStar DBS Corporation, EchoStar Technologies Corporation, and Echosphere Limited Liability Company, Petitioners.**

**Misc. No. 816.**

United States Court of Appeals, Federal Circuit.

May 8, 2006.

Rehearing and Rehearing En Banc Denied July 5, 2006.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

*ORDER*

GAJARSA, Circuit Judge.

Homer Knearl and EchoStar Communications Corporation et al. petition for a writ of mandamus to direct the United States District Court for the Northern District of Georgia to vacate its order that requires disclosure of various documents that Knearl asserts are privileged. TiVo Inc. opposes.

Knearl is an attorney who provided legal services to EchoStar. The district court required that Knearl disclose to TiVo certain documents that Knearl had prepared but had not provided to EchoStar. Knearl asserted that the documents were privileged. In finding waiver of privilege, the Georgia district court in case no. 1:05–CV–2799 relied in part on the determination of the United States District Court for the Eastern District of Texas in *TiVo Inc. v. EchoStar Commc'ns Corp.*, district court case no. 2:04–CV–1, 2005 WL 4131649. On May 1, 2006, we granted in part a petition for writ of mandamus directed to the Texas district court's determination. *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed.Cir.2006).

In its February 28, 2006 order, the Georgia district court required that Knearl produce documents that included "the number of drafts of the opinion and related communications that were maintained by Mr. Knearl and those working with him on the project." The district court conducted an in camera review of the documents. The district court suggested that documents concerning "the evolution of the legal opinion rendered by Mr. Knearl" must be produced, as well as documents that would show "whether bias in favor of the party requesting it influenced the conclusions reached." The court also stated that "this Court believes that a party against whom a legal opinion is offered is allowed to investigate the opinion's evolution to determine if there was any litigation bias reflected in it."

In *EchoStar*, we stated:

Work-product waiver extends only so far as to inform the court of the *infringer's* state of mind. Counsel's opinion is not important for its legal correctness. It is

important to the inquiry whether it is "thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." *Ortho Pharm. Corp. v. Smith,* 959 F.2d 936, 944 (Fed.Cir. 1992). It is what the alleged infringer knew or believed, and by contradistinction not what other items counsel may have prepared but did not communicate to the client, that informs the court of an infringer's willfulness.

*In re EchoStar,* 448 F.3d at 1303.

Thus, to the extent that the district court directed Knearl to produce documents that were not previously communicated to EchoStar because the documents might show that counsel's opinion changed before counsel communicated the opinion to the client, or because counsel might have been disposed to write a favorable opinion, the court's order conflicts with our *EchoStar* order.

It remains unclear whether any of the documents could be compelled to be disclosed under other portions of our *EchoStar* order. In *EchoStar,* we held that opinion work product "which is never communicated to the client[ ] is not discoverable." *Id.* at 1303. However, we stated that work product that was not communicated to the client but references or describes a communication between the attorney and client could be discovered. If that work product contains a legal analysis that was not communicated, the district court may if necessary review such material in camera to determine whether portions should be redacted or the parties should redact such legal analysis. *Id.* at 1304. It is unclear, based upon the district court's description of the documents, whether any of the documents referenced or described a communication between the attorney and client and might be discover-

able under *EchoStar.* Thus, we vacate the district court's order. The district court may conduct any additional proceedings necessary in view of our *EchoStar* order.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is granted. The district court is directed to vacate its order requiring production of documents.

(2) All other motions are denied as moot.